# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

BEN VAZQUEZ                                                              PETITIONER

v.                               NO. 2:10CV00075 JLH/HDY

T.C. OUTLAW, Warden,                                                   RESPONDENT
FCI Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

FACTS.  The record reflects that petitioner Ben Vazquez ("Vazquez") entered the custody of the Federal Bureau of Prisons ("BOP") to serve a 120 month sentence for a drug-related criminal offense.  At some point, he came to be incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix").   While he was incarcerated there, respondent T.C. Outlaw ("Outlaw") represents, and the undersigned accepts as true, that the following occurred:

1. On August 14, 2009, a FCI-Fort Dix official found Vazquez in possession of a T-Mobile SIM card and charged him in an incident report with "possession, manufacture, or introduction of a hazardous tool."  See Document 14, Declaration of James D. Crook, Exhibit A at 1.[1]

2. The FCI-Fort Dix official who authored the incident report identified the offense code as "108."[2]

---

[1]

Vazquez, identified in the prison records as "Ben Vazquez-Escalara," never denied being in possession of the SIM card.  His position throughout the ensuing disciplinary process was that he had found the SIM card on the ground and was attempting to determine to whom it belonged.

[2]

A violation of offense code 108 involves the following: "Possession, manufacture, or introduction of a hazardous tool.  (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety: e.g., a hacksaw blade, tattoo gun, cell phone, cell phone chargers, electronic equipment associated to recording devices and/or cell phones, butane lighters)."  See Document 14, Declaration of James D. Crook, Exhibit E at 2.

3. On August 20, 2009, the Unit Disciplinary Committee ("UDC") recommended the following: "Based on the seriousness of the charge that you possessed a T-Mobile SIM card, the UDC is referring [the incident] to the [Disciplinary Hearing Officer or "DHO"] for greater sanctions tha[n] can be imposed at the UDC level." <u>See</u> Document 14, Declaration of James D. Crook, Exhibit A at 2.

4. The UDC additionally recommended the following: "If found to have committed the prohibited acts, the UDC is recommending loss of privileges, disciplinary segregation, and loss of [good conduct time]." <u>See</u> <u>Id</u>.

5. On August 20, 2009, Vazquez was formally notified of the disciplinary hearing and advised of his rights.

6. He was specifically notified that the alleged violation was "Possession of Hazardous Tool" and the offense code was "108." <u>See</u> Document 14, Declaration of James D. Crook, Exhibit B.

7. On August 25, 2009, the DHO conducted a disciplinary hearing; the DHO's subsequent report identified the offense code as "108," or the possession, manufacture, or introduction of a hazardous tool, and contained the following findings:

> I find that on or about August 14, [2009], at 8:15 a.m., in the CAMP DPW shed, at the Federal Prison Camp, Fort Dix, New Jersey, you did commit the prohibited act of Possessing a hazardous took, a cell phone [SIM] card.
>
> This decision is based on the evidence provided before me which is documented in the written report provided by the reporting employee. The employee documented,

> "At 8:15 AM, [d]uring the out processing of the DPW workers;
> I/M Vasquez-Escalara … was asked by Ms. Messersmith to see
> his I.D. Card to check the expiration date, and as she
> unfolded his license [a] T-Mobile [SIM] card fell out."

Based upon the evidence provided before me, your actions are consistent with a violation Code 108-Possession of a hazardous tool.

See Document 14, Declaration of James D. Crook, Exhibit D at 2.[3]

8. In the "Summary of Charge" portion of the report, though, the DHO identified the charge as "Possession of Anything Unauthorized-[SIM] CARD," or a charge associated with the less severe offense code "305." See Id. at 1.[4]

9. This litigation followed.

FEDERAL COURT PROCEEDINGS.  Vazquez commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  In the petition, he challenged the disciplinary he received.  He maintained that "[t]he record clearly states that the incident report should have been a code 305 due to the fact that the staff who wrote the incident report indicated that [his] possession was of anything not authorized."  See Document 1 at 9.  He also maintained that a SIM card is not a hazardous tool, and he should not have been convicted of violating offense code "108."

---

[3]

Having so found, the DHO stripped Vazquez of certain privileges, sentenced him to disciplinary segregation, and disallowed some good conduct time.

[4]

A violation of offense code 305 involves the following: "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels."  See Document 14, Declaration of James D. Crook, Exhibit E at 3.

Outlaw filed a response to the petition.  In the response, he maintained that the only code violation ever mentioned was an offense code "108" violation and an offense code "305" violation was never mentioned, save an insignificant mention in the "Summary of Charge" portion of the DHO's report.  Outlaw construed Vazquez's petition to challenge only "the decision by BOP staff, the UDC, and the DHO that he violated a Code 108 rather than a Code 305," <u>see</u> Document 14 at 4, and Outlaw maintained that there was sufficient evidence to find that Vazquez violated offense code "108."

Vazquez thereafter filed a reply.  He maintained that he had actually been charged with violating offense code "305" and should have therefore been subjected to less severe punishment than what he received for violating offense code "108."  In support of that assertion, he maintained the following:

> … [Vazquez] receive[d] an incident report on August 14, 2009, charging him in the original incident report with possession of anything unauthorized (sims card).  The offense code alleged was a code 108 but anything unauthorized is stated in [the] BOP's handbook … as a code 305.
>
> Petitioner argues that since the officer wrote the incident report as possession of anything unauthorize[d], the incident report should reflect code 305 instead of 108.  It is not the fault of the petitioner … that the writer of the incident report filed the incident report under possession of anything unauthorized instead of possession, manufacture, or introduction of a hazardous tool.

<u>See</u> Document 17 at 1-2.  He asked that the Court apply the "Rule of Lenity" and order the BOP to impose the less severe punishment for a offense code "305" violation.

The undersigned has now had an opportunity to review the parties' submissions. On the basis of that review, the undersigned makes the following recommendation.

ANALYSIS.  The undersigned has liberally construed Vazquez's pro se submissions. Having done so, there appear to be two issues in dispute: first, his assertion that he was actually charged in the incident report with a violation of offense code "305," not offense code "108;" and second, his assertion that his possession of a SIM card is not a violation of offense code "108" because a SIM card is not a hazardous tool.[5]

With regard to Vazquez's assertion that he was actually charged in the incident report with a violation of offense code "305," he appears to confuse the incident report with the DHO's report.  The incident report reflects that Vazquez was charged with "possession, manufacture, or introduction of a hazardous tool" and identified the offense code as "108."[6]  The charge and alleged offense code violation were repeated in the notice of the disciplinary hearing he received six days later.  The only confusion that ever arose was when the DHO prepared his report.  Although the DHO identified the offense code as "108," he summarized the charge as involving "Possession of Anything Unauthorized."  The undersigned finds his transcription error to be de minimis.  The

---

[5]

There is no dispute that Vazquez was in possession of the SIM card, that he was informed of his rights prior to the disciplinary hearing, and that he exhausted his administrative remedies.

[6]

In his petition, Vazquez represented that "[t]he incident report clearly states that petitioner possessed of Anything Unauthorized, which is defined under Code 305."  See Document 1 at 14.  In support of his assertion, he cited to an "Exhibit A."  Sadly, the record contains no "Exhibit A" submitted by him.

disciplinary proceeding comported with due process, see Wolff v. McDonell, 418 U.S. 539 (1974), and Vazquez was notified on more than one occasion that the charge and alleged offense code violation involved possession of a hazardous tool.   In addition, there is "some evidence" to support the decision reached by the DHO as Vazquez admitted possessing the SIM card.   See Superintendent v. Hill, 472 U.S. 445 (1985) (some evidence must support decision by prison disciplinary board to revoke good time credits).   Last, for the reasons provided by Outlaw, see Document 18, the "Rule of Lenity" is inapplicable.   Accordingly, Vazquez's assertion that he was actually charged in the incident report with a violation of offense code "305" is without merit.

With regard to Vazquez's assertion that possession of a SIM card is not a violation of offense code "108" because a SIM card is not a hazardous tool, "[c]ourts have upheld DHO findings that a [cell phone] is a hazardous tool where the DHO explained [his] reasoning."   See Goshay v. Fondren, 2009 WL 490015 at 5 (D.Minn. 2009).   What, though, of a SIM card?   Outlaw maintains that although a SIM card, "in and of itself, may not appear inherently dangerous," see Document 14 at 9, it is the capability of using the SIM card with a cell phone that causes the SIM card to be a hazardous tool.   The examples of a hazardous tool found in offense code "108" support that assertion as it includes "[a] cell phone, cell phone chargers, [and] electronic equipment associated to … cell phones …"   See Document 14, Declaration of James D. Crook, Exhibit E at 2.   The DHO found that a SIM card fell within the examples and provided the following reason for so finding:

The action on the part of any inmate to possess, manufacture, or introduce a hazardous tool into any correctional institution threatens the safety and security, not only of the inmate involved, but that of the entire institution. In the past, inmates have used hazardous tools to effect escapes, and seriously injure other inmates and staff members. A [SIM] card for a [cell phone] falls under the classification of hazardous tool as it can be used in concert with a cell phone to arrange a rendezvous for escape, and can be used to arrange contraband introductions, and further allows the inmate to make contact with individuals outside the institution, possibly for illicit or illegal activities, without the knowledge of staff. In accordance with the memorandum dated October 4, 2006, submitted by C.E. Samuels, Warden, a cell phone, and it's accessories, are considered a threat to the security and orderly running of the institution, not only of the inmate involved, but that of the entire institution.

See Document 14, Declaration of James D. Crook, Exhibit D at 3. The undersigned is satisfied that the DHO's interpretation of offense code "108" to include a SIM card is not unreasonable as a SIM card is a piece of electronic equipment associated with a cell phone. Accordingly, Vazquez's assertion that possession of a SIM card is not a violation of offense code "108" because a SIM card is not a hazardous tool is without merit.

RECOMMENDATION. In summary, the undersigned finds that Vazquez was charged and convicted of violating offense code "108" and that the DHO's transcription error was de minimis. The disciplinary proceeding comported with due process, there is "some evidence" to support the decision reached by the DHO, and the "Rule of Lenity" is inapplicable. His interpretation of offense code "108" to include a SIM card is not unreasonable. It is recommended that Vazquez's petition for writ of habeas corpus be dismissed and all requested relief be denied. Judgment should be entered for Outlaw.

DATED this ___28___ day of October, 2010.


_____
UNITED STATES MAGISTRATE JUDGE